22738

Roger C. HUCKS, Appellant v. Richard W. RILEY, Governor of the State of South Carolina, as ex officio Chairman and member of the State Budget and Control Board, Grady L. Patterson, Jr., Treasurer of the State of South Carolina, Earl E. Morris, Jr., Comptroller General of the State of South Carolina, Rembert C. Dennis, Chairman of the Finance Committee of the South Carolina Senate, and Tom G. Mangum, Chairman of the Ways and Means Committee of the South Carolina House of Representatives, as ex officio members of the State Budget and Control Board, and Lodge Associates of Myrtle Beach, a South Carolina limited partnership, by and through J. O. Baldwin, Sr., J. O. Baldwin, Jr., Belmont Land and Investment Company, Inc., a North Carolina Corporation, and Pharr yarns Incorporated, a North Carolina Corporation, its general partners, and J. Pete Manos and Mary J. Manos, its limited partners, Respondents.

(357 S. E. (2d) 458)

Supreme Court

*John P. Henry*, of *Thompson, Henry & Gwin, P.A.*, Conway, *for appellant.*

*Asst. Atty. Gen. David Eckstrom*, Columbia, *for respondents Richard W. Riley, Grady L. Patterson, Jr., Earl E. Morris, Jr., Rembert C. Dennis*, and *Tom Mangum.*

*Samuel W. Howell, IV,* of *Haynsworth, Marion, McKay & Guerard,* Columbia, *for respondents Lodge Associates of Myrtle Beach,* a South Carolina limited partnership, *by and through J. O. Baldwin, Sr., J. O. Baldwin, Jr., Belmont Land and Inv. Co., Inc.,* a North Carolina Corp., and Pharr Yarns Inc., a North Carolina Corp., *its general partners,* and *J. Pete Manos* and *Mary J. Manos, its limited partners.*

Submitted June 9, 1987.

Decided June 12, 1987.

*Per Curiam:*

In 1981, the Industrial Development Bond Act, S. C. Code Ann. §§ 4-29-10 to -150 (1976), was amended by Section 9 of Act No. 179. This amendment authorized the issuance of industrial revenue bonds to finance, among other things, the acquisition of public lodging and restaurant facilities whose primary purpose is to provide service in connection with tourism, sports, and recreational facilities. Appellant alleges that this provision does not serve a public purpose and therefore violates Article I, § 3, of the South Carolina Constitution. The circuit court upheld the constitutionality of the provision. We affirm.

Pursuant to the challenged provision, the State Budget and Control Board approved Horry County's issuance of industrial revenue bonds to finance the acquisition and construction of public lodging and restaurant facilities to be owned and operated by Lodge Associates of Myrtle Beach. As discussed in our earlier decision in this case, there is substantial evidence that the primary purpose of the project is to support tourism, sports, and recreational facilities in the City of Myrtle Beach and Horry County. *Hucks v. Riley,* 292 S. C. 82, 354 S. E. (2d) 913 (1987).

Under Article I, § 3, of the Constitution, all legislation, including that authorizing the issuance of industrial revenue bonds, must serve a public rather than a private purpose. *State ex rel. McLeod v. Riley,* 276 S. C. 323, 278 S. E. (2d) 612 (1981); *Elliot v. McNair,* 250 S. C. 75, 156 S. E. (2d) 421 (1967). We have recognized the current trend is to broaden the scope of those activities which serve a public purpose, and legislation is not for a private purpose merely

because private parties may be benefited. *Nichols v. South Carolina Research Authority,* 290 S. C. 415, 351 S. E. (2d) 155 (1986).

In our opinion, legislation authorizing the issuance of industrial revenue bonds to finance the construction of public lodging and restaurant facilities primarily to foster tourism, the second largest industry in the State, improves the economic welfare of the State, and therefore serves a valid public purpose. Additionally, the facts indicate that the project in this case will serve the public interest by creating jobs and increasing the tax revenues of both the State and local governments.

Accordingly, the circuit court properly upheld the constitutionality of the challenged provision, and the judgment is

Affirmed.